**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMIE STEPHEN, | No. 12-55324 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-07685-R |
| v. | |
| ROBERT W. FOX, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jimmie Stephen appeals pro se from the district court's judgment denying

his 28 U.S.C. § 2254 habeas petition challenging a 2010 decision by the Board of

Parole Hearings denying parole and deferring his next parole hearing for five years

in accordance with California Penal Code § 3041.5 ("Marsy's Law").  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Stephen's next parole hearing for five years violates the Ex Post Facto Clause. We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 580 U.S. __ (U.S. Jan. 9, 2017) (No. 16-6556); *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

The dismissal of this appeal does not preclude Stephen from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

We treat Stephen's additional arguments as a motion to expand the COA. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

All pending motions are denied as moot.

**DISMISSED.**